UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRAL DRM, LLC

    Plaintiff,

v.                                                         Case No. 8:23-cv-2628-TPB-NHA

HARDEE BROADCASTING LLC,

    Defendant.
_____/

## ORDER

On November 16, 2023, Plaintiff Viral DRM, LLC initiated this copyright infringement action under 17 U.S.C. § 101 *et. seq* against Defendant Hardee Broadcasting, LLC. Doc. 1. Plaintiff alleges that Defendant, without permission or authorization, actively copied and displayed video footage of a tornado, to which Plaintiff owns the rights and licenses. *Id.* Plaintiff has repeatedly and unsuccessfully attempted to serve Defendant in the traditional manner delineated in the Federal Rules and Florida Statutes, and now asks for leave to amend the manner and time for service. Doc. 11. The Court grants, in part, Plaintiff's "Motion for Miscellaneous Relief, Specifically Enlargement of Time to Serve and Alternate Service" (Doc. 11).

**Background**

Pursuant to Florida Statutes, section 605.0113, each limited liability company ("LLC") must file with the state of Florida the identity and address of its registered agent. If the registered agent changes his name or address, the registered agent "shall promptly furnish notice of the statement of change." Fla. Stat. Ann. § 605.0116.

Records of the Florida Department of State, Division of Corporations, show that Defendant designated John Mullis as its registered agent on February 22, 2017, and identified 1325 Shepard Road, Lakeland, Florida 33811 as his address on April 20, 2018.[1] Doc. 11-2, p. 1. Mr. Mullis, as the registered agent, is the only party listed on Defendant's most recent annual report, which was filed on March 1, 2022. *Id.*, p. 3.

To serve the Defendant in this case, Plaintiff engaged a process server who attempted to serve Mr. Mullis on November 27 and November 29, 2023, at the Shepherd Road address. Doc. 11, p. 3. *Id.* On the latter attempt, the current resident at the address notified the process server that Mr. Mullis had

---

[1] Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

2

moved in 2021. Doc. 11-3, p. 1 Defendant has not furnished notice of the address change to the state. Doc. 11-2, p. 1.

Plaintiff conducted an "exhaustive search" of the internet and found Defendant's principal address to be 1310 South Florida Avenue, Wauchula, Florida 33873. Doc. 11, p. 3. The process server attempted to serve Mr. Mullis at this address on January 1, 2024. Doc. 11, p. 2. The process server spoke to Defendant's employee, Carlos, who stated that Mr. Mullis was the only officer or manager for the company and was experiencing health issues and not in the office. *Id.*

On January 22, 2024, the process server again attempted to serve Mr. Mullis at the Florida Avenue address and spoke with Carlos. *Id.* Carlos stated that Mr. Mullis was not in the office and Carlos believed that Mr. Mullis had been admitted to Tampa General Hospital. *Id.*

After these four failed service attempts, Plaintiff searched for alternate physical addresses for Mr. Mullis. Doc. 11, p. 3. It found none. *Id.* Plaintiff did, however, find electronic addresses for Defendant. Specifically, Plaintiff submits a business records search indicating that Defendant's website domain is wauc1310.com. Doc. 11-4. Plaintiff provides images of Defendant's website which states that the website "is a service of Hardee Broadcasting LLC" and lists the Defendant's address as 1310 South Florida Avenue, Wauchula,

3

Florida 33873. Doc. 11-5, p. 1. The website also provides two contact email addresses: 1021theoutlaw@gmail.com and 1310wauc@gmail.com. *Id.*, pp. 1, 6.

Plaintiff now moves for leave to serve Defendant by both electronic and regular mail, and to extend the time Plaintiff has to effect service. *Id.*, pp. 6-7. Specifically, Plaintiff asks the Court allow it to serve Defendant by sending the summons, complaint, and civil cover sheet via email to the 1021theoutlaw@gmail.com and 1310wauc@gmail.com addresses and via mail to Defendant's 1310 South Florida Avenue, Wauchula Florida 33873 address. Doc. 11, pp. 6-8.

**Analysis**

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations, and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). An LLC may also be served by following state law in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

4

Section 48.062 of the Florida Statutes governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf. Subsection (2) directs plaintiffs to first attempt service on the LLC's registered agent. Fla. Stat. Ann. § 48.062(2). "Every . . . domestic limited liability company . . . shall cause the designated registered agent to keep the designated registered office open from at least 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall cause the designated registered agent to keep one or more individuals who are, or are representatives of, the designated registered agent on whom process may be served at the office during these hours." Fla. Stat. Ann. § 48.091.

"If service cannot be made on a registered agent of the domestic limited liability company. . ., the process may be served on any of the following:"

(a) Any manager of a manager-managed domestic limited liability company. . .,

(b) Any member of a member-managed domestic limited liability company. . .,

(c) Any person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended.

Fla. Stat. Ann. § 48.062(3).

If, after due diligence, the process cannot be completed under subsection (2) and if either:

(a) The only person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended,

5

>    is also the registered agent on whom service was attempted under subsection (2); or
>
> (b) After due diligence, service was attempted on at least one person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),
>
> the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

Fla. Stat. Ann. § 48.062(4).

Under section 48.161, substituted service may be made on the Secretary of State "by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission." "The service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process." Fla Stat. Ann. § 48.161; *see also* Fla. Stat. Ann. § 48.062(4) ("service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic [LLC]"). The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. Ann. § 48.161(4).

In addition, Florida Statute § 48.102 provides:

> If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a . . . domestic . . . limited liability company, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney. The court may authorize other methods of service consistent with the principles of due process.

Fla. Stat. Ann. § 48.102.

Based on the record before me, I find that Plaintiff has made "a diligent inquiry and exerted an honest and conscientious effort to serve" the Defendant. Plaintiff has repeatedly attempted to serve the Defendant's registered agent, Mr. Mullis at the (now inaccurate)[2] address that Defendant provided to the state of Florida. Doc. 11, p. 3. Plaintiff also repeatedly attempted serve Mr. Mullis at Defendant's own operating address. Doc. 11, p. 2. Further, as Mr.

---

[2] Given that Mr. Mullis is the registered agent of Defendant, his address was required to be updated in accordance with Florida Statute § 605.0116.

7

Mullis is the "only person listed publicly by the [Defendant] . . . on its latest annual report, as most recently amended"[3] and is apparently the only manager of the company, no one else at Defendant's company appears eligible to accept service. *See* Fla. Stat. Ann. § 48.062(3); Fla. Stat. Ann. § 48.062(4).

Because Plaintiff has demonstrated that it could not serve Defendant through its registered agent after having been duly diligent in its attempts, Plaintiff's "Motion for Miscellaneous Relief, Specifically Enlargement of Time to Serve and Alternate Service" (Doc. 11) is **GRANTED in Part**.

Plaintiff is directed to serve Defendant by:

(1) Serving the Secretary of State as an agent of Defendant in compliance with Fla. Stat. Ann. § 48.062(4) and Fla. Stat. Ann. § 48.161; and

(2) By sending process and a copy of this order to Defendant both by electronic mail, to the addresses 1021theoutlaw@gmail.com and 1310wauc@gmail.com, and by registered mail, to 1310 South Florida Avenue, Wauchula Florida 33873. *See* Fla. Stat. Ann. § 48.102.

Plaintiff has sixty days from the date of this order to effect service in compliance with this order or risk dismissal of this case. *See* FED. R. CIV. P. 4 ("If a defendant is not served within 90 days after the complaint is filed, the

---

[3] Records of the Florida Department of State, Division of Corporations, list John Mullis as the only person under Defendant's most recent annual report. Further, the records do not indicate any other persons on which process can be served.

8

court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

ORDERED on March 19, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge