UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRAL DRM, LLC

       Plaintiff,

v.                              Case No. 8:23-cv-2628-TPB-NHA

HARDEE BROADCASTING LLC,

       Defendant.
_____/

## **ORDER**

      I grant Plaintiff Viral DRM, LLC's motion for entry of Clerk's default against Defendant Hardee Broadcasting, LLC (Doc. 24).

## **Background**

      Plaintiff Viral DRM, LLC alleges that Defendant Hardee Broadcasting, LLC committed copyright infringement under 17 U.S.C. § 101, *et seq.*, when it copied and displayed Plaintiff's copyrighted video footage of a tornado. Compl. (Doc. 1).

      Plaintiff filed this lawsuit on November 16, 2023. *Id.* Thereafter, Plaintiff attempted to serve Defendant's registered agent, John Mullis.

      First, Plaintiff engaged a process server who attempted to serve Mr. Mullis on November 27 and November 29, 2023, at the address listed for him

with the Florida Department of State, Division of Corporations.[1] Doc. 11, p. 3. On the latter attempt, the current resident at the address notified the process server that Mr. Mullis had moved in 2021. Doc. 11-3, p. 1. But Defendant never changed his address with the Department of State. Doc. 11-2, p. 1.

Plaintiff then conducted an "exhaustive search" of the internet and found Defendant's principal address to be 1310 South Florida Avenue, Wauchula, Florida 33873. Doc. 11, p. 3. The process server attempted to serve Mr. Mullis at this address on January 4, 2024. Doc. 11-3, p. 2. The process server spoke to Defendant's employee, identified only as Carlos, who stated that Mr. Mullis was the only officer or manager for the company and was experiencing health issues and not in the office. *Id.*

On January 22, 2024, the process server again attempted to serve Mr. Mullis at the Florida Avenue address and spoke with Carlos. *Id.* Carlos stated that Mr. Mullis was not in the office and Carlos believed that Mr. Mullis had been admitted to Tampa General Hospital. *Id.*

After these four failed service attempts, Plaintiff searched for alternate physical addresses for Mr. Mullis. Doc. 11, p. 4. It found none. *Id.* Plaintiff did,

---

[1] Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

however, find email addresses for Defendant. *Id.* at 7. Specifically, through a business records search, Plaintiff learned that Defendant's website domain is wauc1310.com. Doc. 11-4. That website lists the Defendant's address as 1310 South Florida Avenue, Wauchula, Florida 33873. Doc. 11-5 at 1. The website also provides two contact email addresses: 1021theoutlaw@gmail.com and 1310wauc@gmail.com. *Id.* at 1, 6–7.

Plaintiff then moved for leave to serve Defendant by both electronic and regular mail, and to extend Plaintiff's time to effect service. Doc. 11 at 6–7. Specifically, Plaintiff asked the Court allow it to serve Defendant by sending the summons, complaint, and civil cover sheet via email to the 1021theoutlaw@gmail.com and 1310wauc@gmail.com addresses and via mail to Defendant's 1310 South Florida Avenue, Wauchula Florida 33873 address. Doc. 11, pp. 6–8.

On March 19, 2024, the Court granted the motion in part, directing Plaintiff, within 60 days, to serve the Secretary of State as an agent of Defendant in compliance with Fla. Stat. § 48.062(4) and Fla. Stat. § 48.161; and also send a copy of service and the Court's order authorizing alternative service to Defendant both by electronic mail, to the addresses 1021theoutlaw@gmail.com and 1310wauc@gmail.com, and by registered mail, to 1310 South Florida Avenue, Wauchula Florida 33873. Doc. 15.

On April 3, 2024, Plaintiff electronically submitted to the Florida Secretary of State the summons (Doc. 19), Complaint (Doc. 1), civil cover sheet (Doc. 1-1), and the Court's March 19, 2024 Order authorizing alternative service on Defendant (Doc. 15). Doc. 20. The Secretary accepted service the same day. Doc. 20-1. The next day, Plaintiff sent those same documents, as well as the service of process on—and acceptance of such by—the Secretary of State, via certified mail to Defendant at 1310 South Florida Avenue, Wauchula, Florida 33873 (Doc. 21) and by e-mail to addresses 1021theoutlaw@gmail.com and 1310wauc@gmail.com (Doc. 22).

Defendant failed to answer or otherwise respond to the suit. Doc. 24, ¶ 9. On May 8, 2024, Plaintiff filed a motion for Clerk's default against Defendant. Doc. 24.

## Legal Background

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is

insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. *See* Fla. Stat. § 48.062.

If service cannot be made on the registered agent, then process may be served on:

> (a)   Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b)   Any member of a member-managed domestic limited liability company or registered foreign limited liability company.

(c)   Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3). Next, if after due diligence, service was attempted but could not be completed one of the listed persons, a plaintiff is permitted to provide alternative service on the Secretary of State as an agent of the domestic LLC, as provided in Section 48.161, or by order of the court under Section 48.102. The party effectuating service is considered to have used due diligence if that party:

(a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

(b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

(c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(4).

In turn, Section 48.161 explains that service on the Secretary of State is made "by sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of

document or package delivery; or by electronic transmission." Fla Stat. § 48.161(1).

After effecting substitute service, the serving party must send to the defendant's last known physical address, by registered mail, certified mail with return receipt requested, or by use of a package delivery company, the notice of service and a copy of the process. Fla. Stat. § 48.161(2). The party effecting service must also send the documents to the defendant via e-mail if the parties have communicated via e-mail. *Id.* After this is done, the party effectuating service shall file proof of service or return receipts showing that delivery was made by mail and electronically. *Id.*

Finally, the plaintiff must file, within 40 days of effecting service, an affidavit of compliance that "set[s] forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section." *Id.*

## Analysis

As the Court previously found, Plaintiff followed the hierarchy of service outlined in Section 48.062 and exercised "due diligence" in attempting to serve the Defendant, such that alternative service was appropriate. Doc. 15 at 7–8. Thus, the Court directed Plaintiff to serve the Secretary of State as an agent of the Defendant in compliance with Fla. Stat. § 48.161; and also send a copy

of service and the Court's order authorizing alternative service to Defendant both by electronic mail, to the addresses 1021theoutlaw@gmail.com and 1310wauc@gmail.com, and by registered mail, to 1310 South Florida Avenue, Wauchula Florida 33873. *Id.* at 8.

Plaintiff served the Defendant via the Secretary of State, by sending to the Secretary of State, electronically, the summons (Doc. 19), Complaint (Doc. 1), civil cover sheet (Doc. 1-1), and the Court's March 19, 2024 Order authorizing alternative service (Doc. 15). Doc. 20. The Secretary of State accepted the service on April 3, 2024. Doc. 20-1. Plaintiff then sent the notice of service of process to Defendant, along with the other documents served on the Secretary of State, at Defendant's last-known address via certified mail, return receipt requested, and also to 1021theoutlaw@gmail.com and 1310wauc@gmail.com. Docs. 20, 21. And, Plaintiff filed proof of service and return receipts showing that delivery was made both by mail and electronically. Docs. 20, 21, 23-1.

Less than 40 days after effecting service on the Secretary of State, on April 25, 2024, Plaintiff filed a sworn declaration of compliance that described Plaintiff's efforts to locate and serve the Defendant before resorting to substituted service. Doc. 23.

Thus, Plaintiff fulfilled all requirements of Section 48.161, and the Court's prior order (Doc. 15). *See* § 48.161. Accordingly, I find Plaintiff properly

effected service on the Defendant by serving the Florida Secretary of State on April 3, 2024.

The Defendant had until April 24, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). The Defendant has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. And, Plaintiff moved for entry of Clerk's Default within the time provided by the local rules. *See* Local Rule 1.10(b).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 24) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant Hardee Broadcasting, LLC.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on May 22, 2024.



NATALIE HIRT ADAMS
United States Magistrate Judge

9